David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*DEBORAH L. FOX*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH L. FOX, <br><br> Plaintiff, <br><br> v. <br><br> OPPORTUNITY FINANCIAL, LLC, <br><br> Defendant. | Civil Action No.: _____ <br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, DEBORAH L. FOX, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone without consent, thereby violating the TCPA.

2. This action is also brought under Nevada Revised Statutes Chapter 598.0918 ("NRS 598") and Nevada Revised Statutes Chapter 41.600 *et seq.* ("NRS 41.600") for Defendant's deceptive trade practices as further described herein.

3. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## **PARTIES**

6. The Plaintiff, DEBORAH L. FOX ("Plaintiff" or "Mrs. Fox"), is an adult individual residing in Las Vegas, Nevada.

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant OPPORTUNITY FINANCIAL, LLC ("OPPORTUNITY FINANCIAL"), is doing business in the State of Nevada.

9. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

10. OPPORTUNITY FINANCIAL at all times acted by and through one or more of its agents or representatives.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone dialing systems.

13. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

14. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

15. Such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.

16. Autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.

17. A caller may not limit the manner in which revocation of prior express consent to call may occur and that the burden is on the caller to prove it obtained the necessary prior express consent.

18. Further, consumers (like Plaintiff) may revoke consent through any reasonable means.

19. Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent.

20. Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times.

21. Consumers have a right to revoke consent, using any reasonable method including orally or in writing.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

22. Within the four years prior to filing the instant complaint, Plaintiff received numerous calls from Defendant from the following phone number: (618) 433-3475.

23. Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

24. Defendant or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "1804" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

25. Moreover, Plaintiff believes the calls were made using a pre-recorded voice, since messages left by Defendant on her cell phone were silent – as though dialed by a machine – and a call center could be heard in the background, which indicated her phone call was being automatically connected to an absent call center employee – a "telltale" sign that these calls were being automatically dialed and distributed as Defendant's automated system detected a live phone on Plaintiff's end of the call.

26. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

27. Predictive dialing systems are a form of an automatic telephone dialing system.

28. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected.

29. On or June 16, 2018, Plaintiff placed a call to Defendant and informed Defendant that she retained an attorney and instructed Defendant (through the representative she spoke with) to stop contacting her cell phone for any reason thereby revoking consent, if any ever existed, to be contacted by Defendant via an ATDS. She further provided Defendant's live representative with her attorney's name and phone number.

30. Moreover, Defendant did not have prior express consent to place any automated or prerecorded calls to Plaintiff on Plaintiff's cellular telephone at any time.

31. However, Defendant placed calls to Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA even after June 16, 2018. Indeed, defendant dialed her cell phone dozens of times using an ATDS even after she advised Defendant to cease calls and directed them to her attorney.

32. Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

33. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

34. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

35. The burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS.

36. Plaintiff suffered actual harm and loss, since each of the unwanted calls depleted Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from Defendant's unwanted phone calls to Plaintiff's cell phone.

37. Plaintiff also suffered from an invasion of a legally protected interest by placing calls to Plaintiff's personal phone line when Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

38. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

39. "[W]hen a person must endure the bother of unwanted calls in the

privacy of her home, her harm is similar to other traditional injuries that courts have long recognized, such as invasion of privacy and nuisance." *Toldi v. Hyundai Capital Am.*, No. 2:16-CV—01877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017).

40. Plaintiff was also personally affected, since Plaintiff felt her privacy had been invaded when Defendant placed calls to Plaintiff's phone line without any consent to do so.

41. The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq*.)

42. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

43. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

44. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

45. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of

the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, (47 U.S.C. § 227, *et seq.*)

47. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

48. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

49. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

50. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Defendant's Violations of Nevada's Deceptive Trade Practices Act
### (NRS 598.0918)

52. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

53. "Solicitation" means "the act of . . . seeking to obtain" something – in this case money. *Solicitation*, Black's Law Dictionary (2d Pocket Ed. 2001).

54. Here, Defendant solicited Plaintiff to seek or obtain money from Plaintiff.

55. On March 13, 2001, Assembly Bill 337 (AB 337) was introduced to the Nevada State Legislature. AB 337 revised Nevada's Deceptive Trade Practices statutes codified at NRS 598 et seq.

56. As expressed by Marilyn Skibinski, Regulatory Analyst, Bureau of Consumer Protection, AB 337 was enacted to "provide[] additional protection for consumers." *See Minutes of the Meeting of the Assembly Committee on Commerce and Labor*, 71st Session, April 4, 2001, page 1082, which can be viewed at http://www.leg.state.nv.us/Division/Research/Library/LegHistory/LHs/2001/AB337,2001.pdf (the "AB 337 Minutes").

57. Further, AB 337 was specifically intended to apply to companies (like Defendant) using "automatic calling" or automated dialing systems. As Ms.

Rushton stated in response to Senator Maggie Carlton, "[that] is exactly what [AB 337 is intended to do." *Id.* at page 4093.

58.     In specific, AB 337 made it a deceptive trade practice to, during a solicitation by telephone, to repeatedly or continuously conduct the solicitation or presentation in a manner that is considered by a reasonable person to be annoying, abusive or harassing.

59.     Defendant repeatedly and continuously placed telephone calls to Plaintiff's residential phone (which is also Plaintiff's cellular phone) to solicit money from Plaintiff in a manner that would be considered annoying, abusive or harassing by a reasonable person.

60.     Specifically, Defendant placed dozens of calls to Plaintiff's cell phone in just a few weeks even after Plaintiff demanded Defendant cease calls to Plaintiff and instructed Defendant to communicate with her counsel.  Such conduct is unquestionably harassing and annoying.

61.     As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart palpitations, and has otherwise been totally annoyed by Defendant's intrusive and illegal phone calls.  Plaintiff has also lost the use of personal and family time while enduring these frustrations, as well as lost time and minutes from cell phone use,

for which Plaintiff is charged a fee.

62. Defendant's violations of NRS 598.0918 constitute violations of NRS 41.600 and Plaintiff is entitled to relief under NRS 41.600.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant awarding Plaintiff:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. Actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent violations of NRS 598.0918 as permitted under NRS 41.600;

5. An award of attorney's fees and costs to counsel for Plaintiff; and

6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 7, 2018

Respectfully submitted,

By /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*DEBORAH L. FOX*